**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Duane-Cody Carlson, | No. CV-22-08204-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Devrie Breanne Carlson, | |
| Defendant. | |

The Court has reviewed Plaintiff's Complaint for the "Administration of Property without right." (Doc. 5.) The Complaint must be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

A judge "may dismiss an action sua sponte for lack of jurisdiction." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981). "[I]f the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements." *Id.*

The basic requirements for federal jurisdiction based on diversity of citizenship are outlined in 28 U.S.C. § 1332. Pursuant to the statute, a District Court has original jurisdiction over civil actions involving citizens of different states when the amount in controversy exceeds $75,000. Plaintiff alleges that diversity jurisdiction is the basis for jurisdiction in this case. Defendant is a citizen of Arizona. (Doc. 5.) Plaintiff claims he

is a citizen of the "Arizona Republic," but he provides an address in Lakeside, Arizona. Thus, the parties are not diverse.

Plaintiff's contention that he is not a citizen of the state of Arizona because he is "one of the sovereign 'people'" is without merit. (Doc. 5 at 9.) "Sovereign citizens" cannot establish subject matter jurisdiction by claiming they are independent of the state in which they reside. *See, e.g.*, *McKenna v. HP Inc.*, No. CV-22-08016, 2022 WL 357344, at *2 (D. Ariz. Feb. 7, 2022) (dismissing complaint sua sponte for lack of subject matter jurisdiction because "[c]ourts have repeatedly and emphatically rejected such sovereign-citizen-type assertions"); *Ellena v. Fluornoy*, No. 92-1263, 1992 WL 234977, at *1 (D.D.C. Aug. 26, 1992) (denying subject matter jurisdiction when Defendants resided in Arizona and Plaintiff was a "self-described 'free sovereign citizen' of Arizona"); *Bey v. 279 Capital LLC*, No. 17-CV-4488, 2020 WL 2542134, at *2 (E.D.N.Y. May 19, 2020) (holding that "sovereign citizen status does not support diversity jurisdiction"); *Torres v. Frye*, No. 16-cv-2067, 2016 WL 11582935, at *1 (M.D. Fla. Aug. 16, 2016) ("This 'sovereign citizen' argument has been rejected repeatedly by courts.").

Because the parties are not completely diverse, Plaintiff does not establish any jurisdictional grounds for the Court to accept this case. Thus, the Complaint is dismissed.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that the Complaint (Doc. 5) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 21st day of December, 2022.

_____
G. Murray Snow
Chief United States District Judge